**WO**                                                                                                          KM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Eugene Chambers, Sr., | No. CV 10-1745-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| John Doe, | |
| Defendant. | |

Plaintiff Shane Eugene Chambers, Sr., who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On August 25, 2010, the Court denied the Application to Proceed with leave to refile. On September 16, 2010, Plaintiff filed a new Application to Proceed.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

///

///

**JDDL**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.  Complaint**

Plaintiff names Phoenix Police Officer John Doe as Defendant in the Complaint. Plaintiff alleges that his Eighth and Fourteen Amendment rights were violated when, during booking, Defendant threw Plaintiff, who was handcuffed, to the ground face down and then shoved his knee into Plaintiff's back. Plaintiff was then "hog tied," picked up, and again thrown to the ground in a cell. Plaintiff claims that after being thrown to the ground a second time, Defendant then jumped on top of him and struck Plaintiff repeatedly in the face. Plaintiff states that he was not disobeying orders or resisting arrest. Plaintiff seeks money damages.

**IV.  Doe Defendant**

Liberally construed, Plaintiff has stated a claim against Defendant Doe. Although Plaintiff has alleged his claim with enough specificity to require an answer from the Doe Defendant, the Court will not direct that service be made on Defendant at this time. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant.

Plaintiff has not explained why he has not supplied the name of the Doe Defendant. It is unclear why Plaintiff could not identify the Doe Defendant from his police report or booking records. It is also unclear why Plaintiff has not been able to obtain Defendant's name since the incident. It is not the responsibility of the Court to discover Defendant's identity.

However, the Court will not dismiss the Complaint at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds). The Court

1 will give Plaintiff 30 days to respond to this Order in a written pleading entitled "Response."
2 Plaintiff's Response must include either (1) the name of the Doe Defendant or (2) an
3 explanation of what Plaintiff has done to try to learn the name of the Doe Defendant, a
4 description of what discovery he would undertake to learn Defendant's name, *and the*
5 *identity of at least one person who could be served with discovery*. If Plaintiff fails to timely
6 file his Response, this case will be dismissed without prejudice and without further notice.

7 **V.    Warnings**

8      **A.    Release**

9 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
10 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
11 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
12 in dismissal of this action.

13      **B.    Address Changes**

14 Plaintiff must file and serve a notice of a change of address in accordance with Rule
15 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
16 relief with a notice of change of address. Failure to comply may result in dismissal of this
17 action.

18      **C.    Copies**

19 Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy
20 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
21 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
22 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
23 may result in the filing being stricken without further notice to Plaintiff.

24      **D.    Possible Dismissal**

25 If Plaintiff fails to timely comply with every provision of this Order, including these
26 warnings, the Court may dismiss this action without further notice. See Ferdik v.Bonzelet,
27 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
28 comply with any order of the Court).

JDDL                                          - 4 -

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Within **30 days** of the date of this Order, Plaintiff must file a **Response** to this Order that includes either (1) the name of the Doe Defendant or (2) an explanation of what Plaintiff has done to try to learn the name of the Doe Defendant, a description of what discovery he would undertake to learn his name, and the identity of at least one person who could be served with discovery.

(4) If Plaintiff fails to file a Response within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

DATED this 7th day of October, 2010.

G. Murray Snow
United States District Judge