**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　KM

NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Eugene Chambers, Sr., | No. CV 10-1745-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| John Doe, | |
| Defendant. | |

Plaintiff Shane Eugene Chambers, Sr., who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On October 7, 2010, the Court granted Plaintiff *in forma pauperis* status and screened the Complaint. The Court determined that Plaintiff alleged facts sufficient to state a claim against Defendant Doe and gave Plaintiff 30 days to file a response that provided either the name of the Doe Defendant or an explanation of what Plaintiff had done to learn the name of the Doe Defendant.

**I.     Response**

On October 21, 2010, Plaintiff filed a Response that identifies Defendant Doe as Phoenix Police Officer Emanuel Codrianue. The Court will direct the Clerk of Court to substitute Emanuel Codrianue for Defendant John Doe and will require Defendant Codrianue to answer the Complaint.

**TERMPSREF**

## II. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must **substitute** Phoenix Police Officer Emanuel Codrianue **for** Defendant John Doe.

(2) Defendant Codrianue must answer the Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), the October 7, 2010 Order, this Order, and both summons and request for waiver forms for Defendant Codrianue.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, a copy of the October 7, 2010 Order, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, the October 7, 2010 Order, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

1  return forms (USM-285), if required. Costs of service will be taxed against the
2  personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
3  Procedure, unless otherwise ordered by the Court.

4  (8)  **If Defendant agrees to waive service of the Summons and Complaint,**
5  **Defendant must return the signed waiver forms to the United States Marshal, not the**
6  **Plaintiff.**

7  (9)  Defendant must answer the Complaint or otherwise respond by appropriate
8  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
9  Rules of Civil Procedure.

10  (10)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
11  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
12  authorized under 28 U.S.C. § 636(b)(1).

13  DATED this 5th day of November, 2010.

*[signature]*
G. Murray Snow
United States District Judge