**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane Eugene Chambers, | No. CV 10-1745-PHX-GMS (LOA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Emanuel Codrianue, #9550, et al., | |
| Defendants. | |

Plaintiff Shane Eugene Chambers filed a *pro se* civil rights Complaint regarding events arising out of his arrest and subsequent booking; Plaintiff alleged that Phoenix Police Officer Emanuel Codrianue used excessive force. (Doc. 1) Codrianue moves for summary judgment on the grounds that the force used was reasonable under the circumstances and that he is entitled to qualified immunity. (Doc. 17.) The Court issued a Notice pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*), advising Plaintiff of his obligation to respond and the requirements of Federal Rule Civil Procedure 56. (Doc. 21.) On April 8, 2011, the Notice was returned as undeliverable because Plaintiff is no longer in custody. (Doc. 24.) Likewise, the Court's Scheduling and Discovery Order, issued on January 19, 2011 was returned as undeliverable on April 4, 2011. (Doc. 23.)

The Court will dismiss the case without prejudice for failure to prosecute.

///

///

## I. Defendant's Motion

### A. Parties' Contentions

On June 12, 2010, police responded to a call that Plaintiff had entered the home of Modena Kemp despite an order of the Maricopa County Superior Court. (Doc. 18. Def.'s Statement of Facts (DSOF) ¶ 1.) Officers arrested Plaintiff, who initially resisted until police drew a taser. (Id. ¶¶ 3-4.) Officers noted that Plaintiff appeared angry and seemed to be under the influence of alcohol. (Id. ¶ 5.)

Plaintiff was charged with resisting arrest and interfering with judicial charges and was transported to the Maricopa County Jail where all of Defendant's interactions with Plaintiff were recorded by video cameras that demonstrate that Plaintiff acted erratically and refused to cooperate. (Id. ¶¶ 6, 8-9.) Police learned that Plaintiff had a history of violence, including multiple arrests for assault. (Id. ¶ 7.)

After Plaintiff arrived at the jail, he was placed in a holding tank, his cuffs were removed and he was told to wait for his medical screening. (Id. ¶¶ 11-12.) Plaintiff refused to cooperate with the medical screening and was placed back in the holding cell. (Id. ¶¶ 13-14.) He lay on the ground, partially blocking the door and refused to cooperate. (Id. ¶ 15.) Defendant opened the door, asked Plaintiff to cooperate, but Plaintiff slid away and told Defendant "I am going to fuck you up." (Id. ¶¶ 17-19.)

Plaintiff then quickly rose to his feet and moved toward Defendant, who thought he was going to be assaulted. (Id. ¶ 20.) Defendant grabbed Plaintiff and tried to hold him against the wall but Plaintiff pushed back and knocked both men to the floor. (Id. ¶¶ 21-22.) They struggled, and Defendant placed his knee in Plaintiff's back to subdue him. (Id. ¶ 23.) Plaintiff then began to spit, so Defendant placed his hand on the side of Plaintiff's head and held him to the floor. (Id. ¶ 24.) Defendant never struck Plaintiff. (Id.) Other officers arrived; Plaintiff was removed from the cell and then returned to it and placed face down with his hands behind his back. (Id. ¶ 25.) When Plaintiff was under control, he was transferred to an isolation cell. (Id. ¶ 26.)

In support of his motion, Defendant submits his affidavit (Ex. D) and various exhibits,

1 including videos (Doc. 20.)

**2.     Plaintiff**

Plaintiff filed no response.  In the Court's Screening Order, Plaintiff was advised of the need to file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure and was further advised that failure to do so could result in the dismissal of his case.  (Doc. 8 at 4.)

**B.     Analysis**

Plaintiff has filed no response to the Motion to for Summary Judgment, and it appears to the Court that Plaintiff never received a copy of Defendant's Motion because Plaintiff provided no change of address following his release.

Plaintiff has the general duty to prosecute this case.  See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  Plaintiff has the general duty to prosecute this case.  A court's authority to dismiss sua sponte for lack of prosecution is an inherent power, governed not by rule or statute but by control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases.  Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

The first three factors do not favor Plaintiff, particularly in light of the fact that

Plaintiff has apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the action in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will dismiss Plaintiff's action, without prejudice, for failure to prosecute.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for Summary Judgment; the Motion is denied as moot (Doc. 17); and the action is dismissed without prejudice for failure to prosecute.

(2) The Clerk of Court must enter judgment accordingly.

DATED this 23rd day of June, 2011.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge